IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:03-cr-00135 |
| v. ) | |
| ) | |
| GERALD RANDOLPH SMITH ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Defendant Gerald Randolph Smith filed a motion for compassionate release (Dkt. No. 432), to which the government responded (Dkt. No. 437). Smith filed a reply (Dkt. No. 438), and, for the reasons stated below, Smith's motion will be granted.[1]

I.  BACKGROUND

Smith is 73 years old. In 2003, a federal grand jury returned a 24-count indictment charging Smith and several co-defendants with violating federal drug trafficking laws. (Indictment, Dkt. No. 3.) Officers subsequently executed a search warrant on Smith's home, locating three loaded guns, two additional bags, large amounts of cocaine, and digital scales. (Presentence Report (PSR) 53, Dkt. No. 425.) Smith was the leader of a cocaine distribution network and the primary source for first tier distributors, which included four of his co-defendants. (*Id.* 63.)

On November 18, 2003, a grand jury returned a 28-count superseding indictment against Smith and his co-defendants. (Superseding Indictment, Dkt. No. 92.) Three of the four additional counts charged Smith with felon in possession of a firearm, possession with intent to

---

[1] Smith also filed a separate pro se motion for relief under the First Step Act. (Dkt. No. 423.) In response to an order to show cause, the Federal Public Defender (FPD) indicated its belief that Smith was not eligible for relief pursuant to Section 404 of the First Step Act. (Dkt. No. 430.) Given that the court will grant Smith's motion for compassionate release and reduce his sentence to time served, Smith's pro se motion will be denied as moot.

distribute cocaine hydrochloride, and possessing a firearm during a drug trafficking offense. (*Id.*)  A 37-count second superseding indictment added ten counts of drug trafficking against Smith's co-defendants.  (Second Superseding Indictment, Dkt. No. 113.)  Finally, a third superseding indictment was returned on February 26, 2004, indicating that the firearm referenced in count 25 had traveled in interstate commerce.  (Third Superseding Indictment, Dkt. No. 151.)

On April 5, 2004, Smith pled guilty to count one (conspiracy to possess with intent to distribute more than five kilograms of cocaine hydrochloride) and count 25 (possession of a firearm by a convicted felon).  (Plea Agreement, Dkt. No. 179.)  The Presentence Investigation Report (PSR) calculated a base offense level of 34.  (PSR 72.)  Smith received a two-level increase for possession of firearms, and a three-level adjustment for acceptance of responsibility.  (*Id.* 73, 78.)  Smith also received a career offender enhancement, for a total offense level of 34.  (*Id.* 80, 82.)  Smith had a lengthy criminal history and was on parole when he committed the instant offense.  (*Id.* 83–96.)  As a career offender, Smith's criminal history category was VI.  (*Id.* 97.)  The guideline range was 262 to 327 months.  (*Id.* 121.)

On July 30, 2004, the court sentenced Smith to 300 months on count one and 180 months on count 25, to run concurrently.  (J., Dkt. No. 277; Sentencing Hr'g 7:6–10, Dkt. No. 392.)  He is projected to be released on December 21, 2026.  Smith will be eligible for elderly offender release in May 2022 and with good time credit has served over 70 percent of his statutory term. Smith is currently housed at the Low Security Correctional Institution in Butner, North Carolina.

Smith is a veteran of the Vietnam War.  During his deployment, which began at the age of 19, Smith was responsible for working with Agent Orange, including testing on plants and animals.  Smith suffers from recurring cancer, serious heart conditions, and hypertension.

(Medical Records, Dkt. No. 432-4 at 70.)  Cancer and heart disease are related to Agent Orange exposure.[2]

Smith has received treatment for skin cancer most of his adult life.  In every correctional facility in which he has been incarcerated, Smith has had cancerous growths removed.  At FCI Coleman Low, where he was incarcerated for over eight years, Smith had standing dermatologist inspections twice a year and was operated on two-dozen times.  At LSCI Butner, where has been only since late 2019, Smith has had four to five growths removed already.  As a result of the COVID-19 pandemic, however, Smith's March 2020 appointment for additional cancer surgeries was cancelled and has not been rescheduled.  Because he is unable to get the treatment he needs, Smith's cancerous growths are scabbing and bleeding, increasing the risk that cancerous cells will enter his bloodstream and require radiation or other invasive forms of treatment.

Smith suffered his first heart attack in 2012.  Doctors learned that Smith had been living with coronary artery disease.  Three stents were inserted into his blocked arteries, and a pacemaker was installed to prevent additional failures.  This causes fatigue and shortness of breath.  To ensure proper functioning, Smith's pacemaker needs to have its data downloaded every 90 days.  This year, Smith went nearly eight months between data downloads due to the pandemic.

The positivity rate for COVID-19 at LSCI Butner as of December 15, 2020, is 59%—473 positive out of 808 tests.[3]  Also as of December 15, 2020, there are one active inmate and four

---

[2] "Diseases related to Agent Orange." U.S. Dep't of Veterans Affairs, 30 April 2020, https://www.va.gov/disability/eligibility/hazardous-materials-exposure/agent-orange/related-diseases/ (last visited December 15, 2020).

[3] As of December 15, 2020, the overall positivity rate for BOP prisoners was 35%.  COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited December 15, 2020).

active staff cases at Smith's facility.[4] Smith previously tested positive for COVID-19, but he has survived thus far without complication.

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act in December 2018 and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .[5]

The Sentencing Commission's policy statement on compassionate release provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

---

[4] *See id.* In addition, on the same prison campus, there is one active staff case at FCI Butner Medium II, three inmate and eleven staff cases at FMC Butner, and one staff case at Butner Medium I. *Id.*

[5] A sentence can also be modified if the defendant is at least 70 years of age and has served at least 30 years in prison. § 3582(c)(1)(A)(ii). Smith is over seventy but has not served more than 30 years in prison.

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons.  U.S.S.G. § 1B1.13 n.1.  The Policy was enacted before the First Step Act and has not been revised or updated since.  *See United States v. Arey*, Case No. 5:05-cr-00029, 2020 WL 2464796, at *3 n.6 (W.D. Va. May 13, 2020) (noting that "U.S.S.G. § 1B1.13 has not been updated to reflect the passage of the FSA").

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted."  *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).  Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his own behalf, the statute still includes an exhaustion requirement.  The government does not argue that Smith failed to exhaust his administrative remedies, and the court has held that the exhaustion requirement is a claims-processing rule subject to waiver, not a jurisdictional bar.  *See United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 n.1 (W.D. Va. May 19, 2020) (citing *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017)).  Therefore, the court finds that the government has waived the exhaustion requirement.

5

**C. Extraordinary and Compelling Reasons**

Smith argues that the risk of contracting (or re-contracting) COVID-19 while in custody, combined with his age and various health conditions, constitute extraordinary and compelling reasons for his release. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

Smith has a particularized risk of contracting COVID-19 at the Butner correctional facility. Numerous courts, including this court, have ordered compassionate release for prisoners at Butner due to the presence of the virus in that facility. *See, e.g.*, *Harper*; *United States v. Waters*, No. 1:12-CR-10336-DJC, Dkt. No. 176 (D. Mass. July 29, 2020) (ordering release of 70 year old with hypertension, obesity, COPD, and asthma, noting that "FCI Butner is among the BOP facilities with a higher number of reported cases," as "sixteen inmates and one staff member have died from COVID-19"). The government does not dispute that Smith is elderly and suffers from several health conditions that put him at an increased risk of severe illness.[6] The government focuses on Smith contracting the virus and then recovering, but it is not certain that Smith is immune from the virus nor that he would survive if he contracted the virus again. In August, the CDC acknowledged that immunity from COVID-19 is limited to no more than three months after contracting the virus.[7] Courts have granted compassionate release for

---

[6] "People Who Are at Increased Risk for Severe Illness." Centers for Disease Control and Prevention, 11 September 11, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited October 6, 2020).

[7] *See* www.cdc.gov/media/releases/2020/s0814-updated-isolation-guidance.html.

individuals who have already tested positive due to the risk of reinfection.  *See, e.g.*, *United States v. Yellin*, Case No.: 3:15-cr-3181-BTM-1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020) (granting compassionate release to 76-year old inmate with diabetes, heart disease, and high blood pressure who had contracted and recovered from COVID-19 because "the possibility of reinfection persists"); *United States v. Hanson*, --- F. Supp. 3d ----, Case No. 6:13-cr-00378-AA-1, 2020 WL 3605845 (D. Or. July 2, 2020) (granting compassionate release to inmate who had recovered from COVID-19).

      The government argues that Smith's motion should be denied because he does not meet the strictures set forth in the policy statement pertaining to a medical condition that substantially diminishes the ability to provide self-care.  § 1B1.13, n.1(A).  There is, to be sure, some case law to support the position that a motion for compassionate release filed by a prisoner must comply with § 1B1.13.  *See United States v. Zullo*, 976 F.3d 228, 234 (2d Cir. 2020) (noting the "sizable minority" of cases "holding that Application Note 1(D)'s language continues to preclude court action, absent a motion by the BOP") (citing *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019)).  Such courts have pointed to the language of note 1(D), which makes the BOP the sole arbiter of whether most reasons qualify as extraordinary and compelling.  § 1B1.13, n.1(D) ("As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).")  The Fourth Circuit, however, following the lead of the Second Circuit, recently held that § 1B1.13 does not apply when, as here, a defendant moves for compassionate release, as opposed to when the BOP moves for compassionate release on behalf of a defendant.  "[W]e agree with the Second Circuit and the emerging consensus in the district courts: There is as of now no 'applicable' policy statement

7

governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, --- F.3d ----, 2020 WL 7050097, at *9 (4th Cir. Dec. 2, 2020) (quoting *Zullo*, 976 F.3d at 230). Therefore, pursuant to the court's discretion to find extraordinary and compelling reasons which justify compassionate release, Smith is entitled to relief due to his particularized susceptibility to COVID-19 and his particularized risk of contracting the disease at his prison facility. *See United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (finding that district courts "have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling reasons").

## D. Section 3553(a) Factors

The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The court acknowledges that Smith's offenses were serious. However, Smith has served a significant amount of time in prison, which reflects the seriousness of the offenses he committed and the need for specific and general deterrence. Moreover, Smith is an aging, low security inmate. Given his age and frail health status, the court concludes that further incarceration is not necessary to protect the public from future crimes, § 3553(a)(2)(C), and

Smith is no longer a danger to the public, *see* 18 U.S.C. § 3142(g).  Therefore, the court finds that the § 3553(a) factors support compassionate release.

## III.  CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court finds that extraordinary and compelling circumstances warrant a reduction in Smith's sentence; that Smith does not pose a danger to any other person or the community; and that the § 3553(a) factors support a reduction in sentence. The court will therefore grant Smith's motion for compassionate release and issue an appropriate order.

Entered: December 17, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge